IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PALL CORPORATION,       )    04 10887 GAO
                        )
        Plaintiff,      )
                        )
v.                      )    Civil Action No:_____
                        )
MYKROLIS CORPORATION,   )    MAGISTRATE JUDGE Collings
                        )
        Defendant.      )

RECEIPT # 55659
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK TO·M
5/4/04

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENTS**

Plaintiff Pall Corporation ("Pall" or "Plaintiff"), by and through its attorneys, for its complaint against Defendant Mykrolis Corporation ("Mykrolis" or "Defendant"), alleges as follows:

## JURISDICTION

1.      This Complaint seeks declaratory relief under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

2.      This Court has jurisdiction of the claims asserted herein under Title 28, United States Code, Sections 1331 and 1338(a).

3.      Venue is proper in this Court under Title 28, United States Code, Sections 1391(b) and 1400.

## THE PARTIES

4.  Pall is a corporation organized and existing under the laws of the state of New York with a principal place of business at 2200 Northern Boulevard, East Hills, New York, 11548.

5.  Upon information and belief, Mykrolis is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 129 Concord Road, Billerica, Massachusetts, 01821.

## THE PATENTS

6.  Upon information and belief, Mykrolis is the record owner of U.S. Patent No. 6,068,770 ("the '770 patent") entitled "Disposable Separation Module With Quick Connect Capability" issued May 30, 2000. A copy of the '770 patent is attached hereto as Exhibit "A".

7.  Upon information and belief, Mykrolis is the record owner of U.S. Patent No. 6,378,907 B1 ("the '907 patent") entitled "Connector Apparatus and System Including Connector Apparatus" issued April 30, 2002. A copy of the '907 patent is attached hereto as Exhibit "B".

## BACKGROUND

8.  Pall is a world leader in the design, manufacture and marketing of a comprehensive line of filtration products and systems for separation, clarification and purification of liquids and gases.

9.  Pall and Mykrolis compete in the business of manufacturing and selling filtration devices for the semiconductor industry.

10. In Civil Action No. 03-CV-10392-GAO, which is presently pending in the United States District Court for the District of Massachusetts, Mykrolis filed a motion for preliminary injunction accusing Pall's PhotoKleen™ EZD-2 Filter Assemblies ("Pall's original EZD-2 devices") of infringing at least independent claim 3 of the '770 patent and independent claim 1 of the '907 patent.

11. In August 2003, the Court in Civil Action No. 03-CV-10392-GAO held a combined preliminary injunction and claim construction hearing.

12. On April 30, 2004, the Court in Civil Action No. 03-CV-10392-GAO issued a Memorandum and Order, in which it granted Mykrolis' motion and, *inter alia*, enjoined Pall "from making, using, selling or offering to sell within the United States, or from importing into the United States, the product now being sold under the name PhotoKleen™ EZD-2 Filter Assembly, or any colorable imitation thereof, until further order of this Court." A copy of the Court's Memorandum and Order dated April 30, 2004, is attached hereto as Exhibit "C".

13. According to the Court, Mykrolis demonstrated a reasonable likelihood of proving infringement either literally or by equivalents because (1) the filter module in Pall's original EZD-2 devices accused of infringement in Civil Action No. 03-CV-10392-GAO is locked to the manifold by pins and linking members which move horizontally slightly over center in a direction that is substantially perpendicular to the first motion, and (2) a spring-loaded button pops out to further ensure that the handle remains in the fully down position so that the filter module remains in fluid tight engagement with the manifold. Exhibit C, p. 15. On page 16, the Court reiterates the fact that the pins and linking members move horizontally over center in a motion

3

perpendicular to the motion of the filter module until they hold, or lock, the filter module to the manifold. Exhibit C, p. 16.

14. Prior to the Court's Order and Memorandum dated April 30, 2004, Pall discontinued making, using, selling or offering to sell within the United States, or importing into the United States, Pall's original EZD-2 devices that are accused of infringement in Civil Action No. 03-CV-10392-GAO, and are the subject of the Court's April 30, 2004 Order.

15. Prior to the Court's April 30, 2004 Order, Pall began selling and offering to sell within the United States, and importing into the United States, redesigned filter assemblies ("Pall's redesigned devices") that are substantially different from and not merely colorable imitations of Pall's original EZD-2 devices. Specifically, in Pall's redesigned devices, the filter assembly is not locked to the manifold by pins and linking members which move horizontally slightly over center in a direction that is substantially perpendicular to the first motion. In addition, Pall's redesigned devices do not include a spring-loaded button to ensure that the handle remains in the fully down position so that the filter module remains in fluid tight engagement with the manifold. Photographs of Pall's redesigned devices are attached hereto as Exhibit "D".

16. On February 6, 2004, counsel for Pall delivered to counsel for Mykrolis three specimens of Pall's redesigned devices and drawings thereof. A copy of the letter is attached hereto as Exhibit "E".

17. On March 8, 2004, counsel for Mykrolis responded that "[a]fter considerable review and analysis of these materials and extensive discussions, we

have concluded that Pall's revised manifolds infringe the Mykrolis patents." A copy of the letter is attached hereto as Exhibit "F".

18. In a letter dated March 24, 2004, counsel for Pall disagreed with the conclusions of Mykrolis' counsel and explained that the elimination and redesign of certain mechanisms in Pall's redesigned devices render inapplicable Mykrolis' infringement allegations with respect to Pall's original EZD-2 device. A copy of the letter is attached hereto as Exhibit "G."

19. In a letter dated March 31, 2004, counsel for Mykrolis maintained their view that Pall's redesigned devices infringe the '770 and '907 patents. A copy of the letter is attached hereto as Exhibit "H."

20. Mykrolis' activities, including its most recent assertion of infringement of the '770 and '907 patents by Pall's redesigned devices, pose a threat to and have interfered with Pall's business activities in this Judicial District and in interstate commerce. As a result of these actions by Mykrolis, Pall has a reasonable fear and apprehension that Mykrolis will sue for infringement of the '770 and '907 patents by the redesigned devices in the immediate future. An actual, valid and justiciable controversy therefore exists as to the infringement of the '770 and '907 patents by Pall's redesigned filter assemblies.

### FIRST CLAIM FOR RELIEF

### Declaratory Relief for Invalidity and Noninfringement of the '770 Patent

21. Pall incorporates by reference the allegations set forth in Paragraphs 1 through 20, inclusive, of this Complaint as though set forth in full herein.

22. Pall avers that the '770 patent is invalid because it fails to meet the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of 35 U.S.C. §§ 102, 103 and 112.

23. Pall avers that Pall's redesigned devices do not infringe any claim of the '770 patent and Pall has not infringed and has not contributed to or induced infringement of any claim of the '770 patent.

24. Pall avers that by reason of the proceedings in Civil Action No. 03-CV-10392-GAO, which are presently pending in the United States District Court for the District of Massachusetts, Mykrolis is estopped from construing the claims of the '770 patent to cover and include any acts by Pall.

25. Pall avers that Pall's redesigned devices are so far changed in principle from those disclosed in the '770 patent such that Pall's new devices function in a substantially different way from the '770 patent, and therefore infringe neither literally nor under the doctrine of equivalents.

26. Based on Mykrolis' actions, Pall is informed and believes, and therefore alleges, that Mykrolis denies each of the foregoing averments of Pall as alleged in paragraphs 22 through 25 hereinabove.

27. As a result of the facts alleged hereinabove, an actual, valid and justiciable controversy has arisen and now exists between Pall and Mykrolis with respect to their respective rights, duties, obligations and liabilities regarding the foregoing averments.

28. Pall desires a judicial determination of the foregoing dispute and a declaration by the Court of the parties' respective rights with respect to all such

matters as alleged hereinabove. A judicial determination is necessary and appropriate at this time in order that Pall may determine the extent, nature and scope of its rights and duties with respect to the foregoing dispute, and to, among other things, remove the cloud that the foregoing dispute places on the conduct of Pall's business, particularly in light of Mykrolis' claims of infringement of the '770 patent by Pall's redesigned filter assemblies.

29. Pall has no adequate remedy at law. The aforesaid conduct of Mykrolis has caused and, if not enjoined, will continue to cause irreparable damage to Pall.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief for Invalidity and Noninfringement of the '907 Patent

30. Pall incorporates by reference the allegations set forth in Paragraphs 1 through 29, inclusive, of this Complaint as though set forth in full herein.

31. Pall avers that the '907 patent is invalid because it fails to meet the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of 35 U.S.C. §§ 102, 103 and 112.

32. Pall avers that Pall's redesigned devices do not infringe any claim of the '907 patent and Pall has not infringed and has not contributed to or induced infringement of any claim of the '907 patent.

33. Pall avers that by reason of the proceedings in Civil Action No. 03-CV-10392-GAO, which are presently pending in the United States District Court for the District of Massachusetts, Mykrolis is estopped from construing the claims of the '907 patent to cover and include any acts by Pall.

34. Pall avers that Pall's redesigned devices are so far changed in principle from those disclosed in the '907 patent such that Pall's redesigned devices function in a substantially different way from the '907 patent, and therefore infringe neither literally nor under the doctrine of equivalents.

35. Based on Mykrolis' actions, Pall is informed and believes, and therefore alleges, that Mykrolis denies each of the foregoing averments of Pall as alleged in paragraphs 31 through 34 hereinabove.

36. As a result of the facts alleged hereinabove, an actual, valid and justiciable controversy has arisen and now exists between Pall and Mykrolis with respect to their respective rights, duties, obligations and liabilities regarding the foregoing averments.

37. Pall desires a judicial determination of the foregoing dispute and a declaration by the Court of the parties' respective rights with respect to all such matters as alleged hereinabove. A judicial determination is necessary and appropriate at this time in order that Pall may determine the extent, nature and scope of its rights and duties with respect to the foregoing dispute, and to, among other things, remove the cloud that the foregoing dispute places on the conduct of Pall's business, particularly in light of Mykrolis' claims of infringement of the '907 patent by Pall's redesigned filter assemblies.

38. Pall has no adequate remedy at law. The aforesaid conduct of Mykrolis has caused and, if not enjoined, will continue to cause irreparable damage to Pall.

**DEMAND FOR JURY TRIAL**

Pall hereby demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Pall prays as follows:

1. On the first claim, for a declaration that the '770 patent is invalid;

2. On the first claim, for a declaration that Pall's redesigned devices do not infringe any valid claim of the '770 patent; and

3. On the first claim, for a preliminary and permanent injunction enjoining and restraining Mykrolis, its respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them:

    a. From making any claims to any person or entity that Pall's redesigned devices infringe the '770 patent; and

    b. From interfering with, or threatening to interfere with, the manufacture, sale, license, or use of Pall's redesigned devices, by Pall, its distributors, customers, licensees, successors or assigns, and others.

4. On the second claim, for a declaration that the '907 patent is invalid;

5. On the second claim, for a declaration that Pall's redesigned devices do not infringe any valid claim of the '907 patent; and

6. On the second claim, for a preliminary and permanent injunction enjoining and restraining Mykrolis, its respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them:

    a. From making any claims to any person or entity that Pall's redesigned devices infringe the '907 patent; and

  b. From interfering with, or threatening to interfere with, the manufacture, sale, license, or use of Pall's redesigned devices, by Pall, its distributors, customers, licensees, successors or assigns, and others.

7. For Pall's attorneys' fees and costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

          PALL CORPORATION

          By its attorneys,

          _____
          Gary R. Greenberg, BBO #209420
          Louis J. Scerra, Jr., BBO #543600
          Greenberg Traurig, LLP
          One International Place
          Boston, MA  02110
          (617) 310-6000

Of Counsel

H. Michael Hartmann
Mark E. Phelps
Jeremy C. Lowe
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780
(312) 616-5600

          ATTORNEYS FOR PLAINTIFF
          PALL CORPORATION

Dated:  May 4, 2004