IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALL CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>MYKROLIS CORPORATION,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No: 04-CV-10887 GAO<br>)<br>)<br>)<br>) |

FILED
IN CLERK'S OFFICE

2004 MAY 21  P 2:38

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT AND INVALIDITY OF PATENTS**

---

Plaintiff Pall Corporation ("Pall" or "Plaintiff"), by and through its attorneys, for its amended complaint against Defendant Mykrolis Corporation ("Mykrolis" or "Defendant") under Rule 15(a), FED.R.CIV.P., alleges as follows:

**JURISDICTION**

1. This Complaint seeks declaratory relief under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

2. This Court has jurisdiction of the claims asserted herein under Title 28, United States Code, Sections 1331 and 1338(a).

3. Venue is proper in this Court under Title 28, United States Code, Sections 1391(b) and 1400.

## THE PARTIES

4.  Pall is a corporation organized and existing under the laws of the state of New York with a principal place of business at 2200 Northern Boulevard, East Hills, New York, 11548.

5.  Upon information and belief, Mykrolis is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 129 Concord Road, Billerica, Massachusetts, 01821.

## THE PATENTS

6.  Upon information and belief, Mykrolis is the record owner of U.S. Patent No. 6,068,770 ("the '770 patent") entitled "Disposable Separation Module With Quick Connect Capability" issued May 30, 2000. A copy of the '770 patent is attached hereto as Exhibit A.

7.  Upon information and belief, Mykrolis is the record owner of U.S. Patent No. 6,378,907 B1 ("the '907 patent") entitled "Connector Apparatus and System Including Connector Apparatus" issued April 30, 2002. A copy of the '907 patent is attached hereto as Exhibit B.

## BACKGROUND

8.  Pall is a world leader in the design, manufacture and marketing of a comprehensive line of filtration products and systems for separation, clarification and purification of liquids and gases.

9.  Pall and Mykrolis compete in the business of manufacturing and selling filtration devices for the semiconductor industry.

10.     In Civil Action No. 03-CV-10392-GAO, which is presently pending in the United States District Court for the District of Massachusetts, Mykrolis filed a motion for preliminary injunction accusing Pall's PhotoKleen™ EZD-2 Filter Assemblies ("Pall's original EZD-2 devices") of infringing at least independent claim 3 of the '770 patent and independent claim 1 of the '907 patent.

11.     In August 2003, the Court in Civil Action No. 03-CV-10392-GAO held a combined preliminary injunction and claim construction hearing.

12.     On April 30, 2004, the Court in Civil Action No. 03-CV-10392-GAO issued a Memorandum and Order, in which it granted Mykrolis' motion and, *inter alia*, enjoined Pall "from making, using, selling or offering to sell within the United States, or from importing into the United States, the product now being sold under the name PhotoKleen™ EZD-2 Filter Assembly, or any colorable imitation thereof, until further order of this Court." A copy of the Court's Memorandum and Order dated April 30, 2004, is attached hereto as Exhibit C. Pall intends to appeal to the United States Court of Appeals for the Federal Circuit from, *inter alia*, the claim construction and the preliminary injunction set out in the Court's April 30, 2004 Memorandum and Order.

13.     According to the Court, Mykrolis demonstrated a reasonable likelihood of proving infringement either literally or by equivalents because (1) the filter module in Pall's original EZD-2 devices accused of infringement in Civil Action No. 03-CV-10392-GAO is locked to the manifold by pins and linking members which move horizontally slightly over center in a direction that is substantially perpendicular to the first motion, and (2) a spring-loaded button pops out to further ensure that the handle

3

remains in the fully-down position so that the filter module remains in fluid tight engagement with the manifold. Exhibit C, p. 15. On page 16, the Court reiterates the fact that the pins and linking members move horizontally over center in a motion perpendicular to the motion of the filter module until they hold, or lock, the filter module to the manifold. Exhibit C, p. 16.

14. Prior to the Court's Order and Memorandum dated April 30, 2004, Pall discontinued making, using, selling or offering to sell within the United States, or importing into the United States, Pall's original EZD-2 devices that are accused of infringement in Civil Action No. 03-CV-10392-GAO, and are the subject of the Court's April 30, 2004 Order.

15. Prior to the Court's April 30, 2004 Order, Pall began selling and offering to sell within the United States, and importing into the United States, redesigned EZD-2 filter assemblies ("Pall's redesigned EZD-2 devices") that are substantially different from and not merely colorable imitations of Pall's original EZD-2 devices. Specifically, in Pall's redesigned EZD-2 devices, the linkage of the EZD-2 manifold is redesigned so that the filter module is not locked to the manifold by pins and linking members which move horizontally slightly over center in a direction that is substantially perpendicular to the first motion. In addition, Pall's redesigned EZD-2 manifolds do not include a spring-loaded button to ensure that the handle remains in the fully down position so that the filter module remains in fluid tight engagement with the manifold. Photographs of Pall's EZD-2 manifolds with redesigned linkages are attached hereto as Exhibit D.

4

16. On February 6, 2004, counsel for Pall delivered to counsel for Mykrolis three specimens of Pall's redesigned EZD-2 manifolds and drawings thereof. A copy of the letter is attached hereto as Exhibit E.

17. On March 8, 2004, counsel for Mykrolis responded that "[a]fter considerable review and analysis of these materials and extensive discussions, we have concluded that Pall's revised manifolds infringe the Mykrolis patents." A copy of the letter is attached hereto as Exhibit F.

18. In a letter dated March 24, 2004, counsel for Pall disagreed with the conclusions of Mykrolis' counsel and explained that the elimination and redesign of certain mechanisms in Pall's redesigned EZD-2 devices render inapplicable Mykrolis' infringement allegations with respect to Pall's original EZD-2 device. A copy of the letter is attached hereto as Exhibit G.

19. In a letter dated March 31, 2004, counsel for Mykrolis maintained their view that Pall's redesigned EZD-2 devices infringe the '770 and '907 patents. A copy of the letter is attached hereto as Exhibit H.

20. On May 4, 2004, Pall filed this declaratory judgment action seeking, *inter alia*, a declaration of noninfringement with respect to the redesigned locking mechanism of Pall's redesigned EZD-2 devices.

21. On May 7, 2004, Mykrolis filed a motion to dismiss Pall's declaratory judgment action because, allegedly, the redesigned EZD-2 devices with the redesigned locking mechanism were merely a colorable imitation of the original EZD-2 devices with the original locking mechanism, such that the redesigned EZD-2

devices are subject to the preliminary injunction and infringe the '770 and '907 patents.

22. On May 7, 2004, Pall also filed a status report in 03-CV-10392-GAO and advised the Court that Pall had not only redesigned the locking mechanism of the EZD-2 devices to avoid the Mykrolis patents, but was in the process of eliminating any "automatic" alignment that the Court stated was an important aspect of the claimed inventions. A copy of the status report is attached hereto as Exhibit I.

23. On May 12, 2004, counsel for Pall delivered to counsel for Mykrolis drawings of a new stand-alone manifold and a sample of a new filter capsule that combine to eliminate "automatic" alignment. Pall has now designated the filter assembly that results from the combination of these products as PhotoKleen™ EZD-3 filter assemblies ("Pall's EZD-3 devices"). Pall's counsel asked Mykrolis' counsel to confirm that its EZD-3 devices do not infringe the '770 and '907 patents. A copy of the letter is attached hereto as Exhibit J.

24. On May 18, 2004, having received no response from Mykrolis regarding Pall's May 12th letter, counsel for Pall delivered another letter to counsel for Mykrolis urging them to promptly provide their confirmation that Pall's EZD-3 devices do not infringe the Mykrolis patents. Pall offered to withdraw this declaratory judgment action if Mykrolis confirmed that removal of the "automatic" alignment features eliminates any possible infringement. A copy of the letter is attached hereto as Exhibit K.

25. Later that day, Mykrolis' counsel responded to Pall's May 12, 2004 letter with a series of inquiries and a statement about Pall's original EZD-2 and

6

redesigned EZD-2 manifolds, but took no clear position as to Pall's non-aligning EZD-3 filter assemblies that were the subject of Pall's May 12 and May 18 letters. A copy of the letter is attached hereto as Exhibit L.

26. On May 19, 2004, counsel for Pall responded to the inquiries posed by Mykrolis' counsel in the May 18th letter, reiterated its request for a position regarding Pall's EZD-3 filter assemblies, and informed Mykrolis' counsel that, if Mykrolis did not agree that the removal of the "automatic" alignment feature eliminated any possible infringement, then Pall would move to amend its declaratory judgment action to seek a declaration that the revised filter assemblies without "automatic" alignment do not infringe the '770 and '907 patents. A copy of the letter is attached hereto as Exhibit M.

27. On May 20, 2004, counsel for Mykrolis responded to the May 19th letter with, *inter alia*, a statement that "[t]he information provided in your May 19 letter only confirms that the modifications proposed by Pall do not eliminate infringement by its products and that the products (even as modified) are subject to the preliminary injunction order." A copy of the letter is attached hereto as Exhibit N.

28. As of the filing of this Amended Complaint, Mykrolis has not filed a responsive pleading or motion for summary judgment with respect to the original Complaint filed May 4, 2004.

29. Mykrolis' activities, including its May 20 statement that it considers Pall's EZD-3 filter to infringe its patents and to be subject to the preliminary injunction order, pose a threat to and have interfered with Pall's business activities in this Judicial District and in interstate commerce. As a result of these actions by

7

Mykrolis, Pall has a reasonable fear and apprehension that Mykrolis will sue for infringement of the '770 and '907 patents by Pall's EZD-3 devices without "automatic" alignment in the immediate future. An actual, valid and justiciable controversy therefore exists as to the infringement of the '770 and '907 patents by Pall's redesigned filter assemblies.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief for Invalidity and Noninfringement of the '770 Patent

30.  Pall incorporates by reference the allegations set forth in Paragraphs 1 through 29, inclusive, of this Complaint as though set forth in full herein.

31.  Pall avers that the '770 patent is invalid because it fails to meet the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of 35 U.S.C. §§ 102, 103 and 112.

32.  Pall avers that Pall's EZD-3 devices do not infringe any valid claim of the '770 patent and Pall has not infringed and has not contributed to or induced infringement of any valid claim of the '770 patent under either Pall's claim construction of the '770 patent or the claim construction of the '770 patent entered by the Court in its April 30, 2004 Memorandum and Order from which Pall intends to appeal.

33.  Pall avers that by reason of the proceedings in Civil Action No. 03-CV-10392-GAO, which are presently pending in the United States District Court for the District of Massachusetts, Mykrolis is estopped from construing the claims of the '770 patent to cover and include any acts by Pall in connection with its EZD-3 devices.

34. Pall avers that Pall's EZD-3 devices are so far changed in principle from those disclosed in the '770 patent such that Pall's new devices function in a substantially different way from the '770 patent, and therefore do not infringe either literally or under the doctrine of equivalents.

35. Based on Mykrolis' actions, Pall is informed and believes, and therefore alleges, that Mykrolis denies each of the foregoing averments of Pall as alleged in paragraphs 31 through 34 hereinabove.

36. As a result of the facts alleged hereinabove, an actual, valid and justiciable controversy has arisen and now exists between Pall and Mykrolis with respect to their respective rights, duties, obligations and liabilities regarding the foregoing averments.

37. Pall desires a judicial determination of the foregoing dispute and a declaration by the Court of the parties' respective rights with respect to all such matters as alleged hereinabove. A judicial determination is necessary and appropriate at this time in order that Pall may determine the extent, nature and scope of its rights and duties with respect to the foregoing dispute, and to, among other things, remove the cloud that the foregoing dispute places on the conduct of Pall's business, particularly in light of Mykrolis' claims of infringement of the '770 patent by Pall's EZD-3 filter assemblies.

38. Pall has no adequate remedy at law. The aforesaid conduct of Mykrolis has caused and, if not enjoined, will continue to cause irreparable damage to Pall.

## SECOND CLAIM FOR RELIEF

## Declaratory Relief for Invalidity and Noninfringement of the '907 Patent

39. Pall incorporates by reference the allegations set forth in Paragraphs 1 through 38, inclusive, of this Complaint as though set forth in full herein.

40. Pall avers that the '907 patent is invalid because it fails to meet the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of 35 U.S.C. §§ 102, 103 and 112.

41. Pall avers that Pall's EZD-3 devices do not infringe any valid claim of the '907 patent and Pall has not infringed and has not contributed to or induced infringement of any valid claim of the '907 patent under either Pall's claim construction of the '907 patent or the claim construction of the '907 patent entered by the Court in its April 30, 2004 Memorandum and Order from which Pall intends to appeal.

42. Pall avers that by reason of the proceedings in Civil Action No. 03-CV-10392-GAO, which are presently pending in the United States District Court for the District of Massachusetts, Mykrolis is estopped from construing the claims of the '907 patent to cover and include any acts by Pall in connection with its EZD-3 devices.

43. Pall avers that Pall's EZD-3 devices are so far changed in principle from those disclosed in the '907 patent such that Pall's redesigned devices function in a substantially different way from the '907 patent, and therefore do not infringe either literally or under the doctrine of equivalents.

44. Based on Mykrolis' actions, Pall is informed and believes, and therefore alleges, that Mykrolis denies each of the foregoing averments of Pall as alleged in paragraphs 40 through 43 hereinabove.

45. As a result of the facts alleged hereinabove, an actual, valid and justiciable controversy has arisen and now exists between Pall and Mykrolis with respect to their respective rights, duties, obligations and liabilities regarding the foregoing averments.

46. Pall desires a judicial determination of the foregoing dispute and a declaration by the Court of the parties' respective rights with respect to all such matters as alleged hereinabove. A judicial determination is necessary and appropriate at this time in order that Pall may determine the extent, nature and scope of its rights and duties with respect to the foregoing dispute, and to, among other things, remove the cloud that the foregoing dispute places on the conduct of Pall's business, particularly in light of Mykrolis' claims of infringement of the '907 patent by Pall's EZD-3 filter assemblies.

47. Pall has no adequate remedy at law. The aforesaid conduct of Mykrolis has caused and, if not enjoined, will continue to cause irreparable damage to Pall.

## DEMAND FOR JURY TRIAL

Pall hereby demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Pall prays as follows:

1. On the first claim, for a declaration that the '770 patent is invalid;

2. On the first claim, for a declaration that Pall's EZD-3 devices do not infringe any valid claim of the '770 patent; and

3. On the first claim, for a preliminary and permanent injunction enjoining and restraining Mykrolis, its respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them:

   a. From making any claims to any person or entity that Pall's EZD-3 devices infringe the '770 patent; and

   b. From interfering with, or threatening to interfere with, the manufacture, sale, license, or use of Pall's redesigned devices, by Pall, its distributors, customers, licensees, successors or assigns, and others.

4. On the second claim, for a declaration that the '907 patent is invalid;

5. On the second claim, for a declaration that Pall's EZD-3 devices do not infringe any valid claim of the '907 patent; and

6. On the second claim, for a preliminary and permanent injunction enjoining and restraining Mykrolis, its respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them:

   a. From making any claims to any person or entity that Pall's EZD-3 devices infringe the '907 patent; and

   b. From interfering with, or threatening to interfere with, the manufacture, sale, license, or use of Pall's EZD-3 devices, by Pall, its distributors, customers, licensees, successors or assigns, and others.

7. For Pall's attorneys' fees and costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PALL CORPORATION

By its attorneys,

Gary R. Greenberg, BBO #209420
Louis J. Scerra, Jr., BBO #543600
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Of Counsel

H. Michael Hartmann
Mark E. Phelps
Jeremy C. Lowe
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780
(312) 616-5600

ATTORNEYS FOR PLAINTIFF
PALL CORPORATION

Dated: May 21, 2004