UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -1 P 2: 07
U.S. DISTRICT COURT
DISTRICT OF MASS.

------------------------------------------------X
MYKROLIS CORPORATION,           )
    Plaintiff,                              )   Consolidated Cases:
                                              )
v.                                               )   Civil Action No. 03-10392 GAO
                                              )
PALL CORPORATION,                )
    Defendant.                           )
------------------------------------------------X
PALL CORPORATION,                )
    Plaintiff,                              )
                                              )
v.                                               )   Civil Action No. 04-CV-10887 GAO
                                              )
MYKROLIS CORPORATION,           )
    Defendant.                           )
------------------------------------------------X

## MYKROLIS'S ANSWER TO AMENDED COMPLAINT, AND COUNTERCLAIMS

Mykrolis Corporation ("Mykrolis"), answers the amended complaint for declaratory judgment of Pall Corporation ("Pall"), filed in Civil Action No. 04-CV-10887 GAO, as follows:

1. Mykrolis admits the allegations in paragraph 1 of the amended complaint.

2. Mykrolis admits the allegations in paragraph 2 of the amended complaint.

3. Mykrolis admits the allegations in paragraph 3 of the amended complaint.

4. Mykrolis admits the allegations in paragraph 4 of the amended complaint.

5. Mykrolis admits the allegations in paragraph 5 of the amended complaint.

6. Mykrolis admits the allegations in paragraph 6 of the amended complaint.

7. Mykrolis admits the allegations in paragraph 7 of the amended complaint.

8. With respect to the eighth paragraph of the amended complaint, Mykrolis admits only that Pall designs, manufactures, and markets filtration products and systems for separation,

clarification, and purification of liquids and gases. Mykrolis denies the remaining allegations of the eighth paragraph of the amended complaint.

9. Mykrolis admits the allegations in paragraph 9 of the amended complaint.

10. Mykrolis admits the allegations in paragraph 10 of the amended complaint.

11. Mykrolis admits the allegations in paragraph 11 of the amended complaint.

12. With respect to the twelfth paragraph to the Complaint, Mykrolis admits only that a copy of the Court's April 30, 2004, Memorandum and Order in Civil Action No. 03-CV-10392-GAO is attached to the amended complaint as Exhibit C. Mykrolis does not have sufficient knowledge or information on which to form a belief as to the truth of the allegations of the last sentence of paragraph 12 of the amended complaint concerning Pall's intentions. With respect to the remaining allegations of the twelfth paragraph of the Complaint, the Memorandum and Order speaks for itself.

13. With respect to the thirteenth paragraph of the amended complaint, the Court's Memorandum and Order dated April 30, 2004 speaks for itself.

14. Mykrolis does not have sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 14 of the amended complaint.

15. With respect to the fifteen paragraph of the amended complaint, Mykrolis admits only that Pall began selling and offering to sell within the United States redesigned EZD-2 filter assemblies prior to the Court's April 30, 2004 Memorandum and Order and that photographs of all these EZD-2 manifolds are attached to the amended complaint as Exhibit D. Mykrolis denies the remaining allegations of paragraph 15 of the amended complaint.

16. Mykrolis admits the allegations in paragraph 16 of the amended complaint.

17. Mykrolis admits the allegations in paragraph 17 of the amended complaint.

18. With respect to the eighteenth paragraph of the amended complaint, Mykrolis admits only that a copy of a letter received on March 24, 2004 by Mykrolis's counsel from counsel for Pall is attached to the amended complaint as Exhibit G. Mykrolis denies the remaining allegations of paragraph 18 of the amended complaint.

19. Mykrolis admits the allegations in paragraph 19 of the amended complaint.

20. Mykrolis admits the allegations in paragraph 20 of the amended complaint.

21. Mykrolis admits the allegations in paragraph 21 of the amended complaint.

22. With respect to the twenty-second paragraph of the amended complaint, Mykrolis admits that a status report filed by Pall in Civil Action No. 03-CV-10392-GAO is attached to the amended complaint as Exhibit I. Mykrolis denies the remaining allegations of paragraph 22 of the amended complaint.

23. With respect to the twenty-third paragraph of the amended complaint, Mykrolis admits that on May 12, 2004 its counsel received copies of the letter and drawings attached to the amended complaint as Exhibit J. Mykrolis denies the remaining allegations of paragraph 23 of the amended complaint.

24. With respect to the twenty-fourth paragraph of the amended complaint, Mykrolis admits only that a copy of a letter received on May 18, 2004 by counsel for Mykrolis is attached to the amended complaint as Exhibit K. Mykrolis denies the remaining allegations of paragraph 24 of the amended complaint.

25. With respect to the twenty-fifth paragraph of the amended complaint, Mykrolis admits only that a copy of Mykrolis's counsel's letter of May 18, 2004 is attached to the amended

complaint as Exhibit L. Mykrolis denies the remaining allegations of paragraph 25 of the amended complaint.

26. With respect to the twenty-sixth paragraph of the amended complaint, Mykrolis admits only that a copy of a letter Mykrolis's counsel received on May 19, 2004 from counsel for Pall is attached to the amended complaint as Exhibit M. Mykrolis denies the remaining allegations of paragraph 26 of the amended complaint.

27. Mykrolis admits the allegations in paragraph 27 of the amended complaint.

28. Mykrolis admits the allegations in paragraph 28 of the amended complaint.

29. With respect to the twenty-ninth paragraph of the amended complaint, Mykrolis admits only that an actual controversy exists between Pall and Mykrolis as to Pall's infringement of the '770 and '907 patents owned by Mykrolis by the use, sale, offer for sale, and/or importation by Pall of fluid separation devices and/or manifold constructions. Mykrolis denies the remaining allegations of paragraph 29 of the amended complaint.

30. Mykrolis repeats and realleges paragraphs 1 through 29 of this answer and counterclaim as if they were fully set forth.

31. Mykrolis denies the allegations of paragraph 31 of the amended complaint.

32. Mykrolis denies the allegations of paragraph 32 of the amended complaint.

33. Mykrolis denies the allegations of paragraph 33 of the amended complaint.

34. Mykrolis denies the allegations in paragraph 34 of the amended complaint.

35. Mykrolis admits the allegations in paragraph 35 of the amended complaint.

36. With respect to the thirty-sixth paragraph of the amended complaint, Mykrolis admits only that an actual, valid, and justiciable controversy has arisen and now exists between

Pall and Mykrolis with respect to their respective rights, duties, obligations, and liabilities regarding the averments of the amended complaint. Mykrolis denies the remaining allegations of paragraph 36 of the amended complaint.

37. With respect to the thirty-seventh paragraph of the amended complaint, Mykrolis does not have sufficient knowledge or information on which to form a belief as to Pall's desires as alleged in the first sentence of paragraph 37 of the amended complaint. With respect to the remaining allegations of the thirty-seventh paragraph of the amended complaint, Mykrolis admits that a judicial determination is necessary and appropriate at this time, and further states that the judicial determination will be made in the previously filed action brought my Mykrolis Corporation against Pall Corporation, with which this action has been consolidated. Mykrolis denies the remaining allegations of paragraph 37 of the amended complaint.

38. Mykrolis denies the allegations of paragraph 38 of the amended complaint.

39. Mykrolis repeats and realleges paragraphs 1 through 38 of this answer and counterclaim as if they were fully set forth.

40. Mykrolis denies the allegations of paragraph 40 of the amended complaint.

41. Mykrolis denies the allegations of paragraph 41 of the amended complaint.

42. Mykrolis denies the allegations of paragraph 42 of the amended complaint.

43. Mykrolis denies the allegations of paragraph 43 of the amended complaint.

44. Mykrolis admits the allegations in paragraph 44 of the amended complaint.

45. With respect to the forty-fifth paragraph of the amended complaint, Mykrolis admits only that an actual, valid, and justiciable controversy has arisen and now exists between Pall and Mykrolis with respect to the respective rights, duties, obligations, and liabilities

regarding the allegations of the amended complaint. Mykrolis denies the remaining allegations of paragraph 45 of the amended complaint.

46. With respect to the forty-sixth paragraph of the amended complaint, Mykrolis does not have sufficient knowledge or information on which to form a belief as to Pall's desires as alleged in the first sentence of paragraph 46 of the amended complaint. With respect to the remaining allegations of the forty-sixth paragraph of the amended complaint, Mykrolis admits that a judicial determination is necessary and appropriate at this time, and further states that the judicial determination will be made in the previously filed action brought by Mykrolis Corporation against Pall Corporation. Mykrolis denies the remaining allegations of paragraph 46 of the amended complaint.

47. Mykrolis denies the allegations of paragraph 47 of the amended complaint.

## AFFIRMATIVE DEFENSE

48. The amended complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

## NATURE OF THE ACTION

49. In these counterclaims, Mykrolis seeks damages and a preliminary and permanent injunction for infringement of its patent rights pursuant to Title 35 of the United States Code.

## JURISDICTION AND VENUE

50. This court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331 and 1338, and the United States Patent Laws, Title 35 of the United States Code.

51. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## THE PARTIES

52.  Mykrolis is a Delaware corporation with a place of business at 129 Concord Road, Billerica, Massachusetts, 01821.

53.  Upon information and belief, Pall is a New York corporation with a principal place of business at 2200 Northern Boulevard, East Hills, New York, 11548.

## FACTUAL BACKGROUND
## THE '770 PATENT

54.  On May 30, 2000, United States Patent No. 6,068,770 ("the '770 Patent") entitled Disposable Separation Module with Quick Connect Capability was duly and legally issued. A copy of the '770 Patent is attached hereto as Exhibit "A".

55.  Mykrolis owns the entire right, title, and interest in the '770 Patent and such ownership rights are confirmed by assignments duly recorded in the United States Patent and Trademark Office.

56.  The '770 Patent discloses and claims novel fluid separation devices having disposable separation modules with quick-connect capability.

57.  Upon information and belief, Pall, acting on its own or through affiliates or agents, makes, uses, sells, offers for sale, or is importing fluid separation devices that infringe the '770 Patent, including, but not limited to, its PhotoKleen™ EZD-2 FilterAssembly (the "EZD-2"), retrofit EZD-2 devices, and redesigned versions of these EZD-2 devices, as shown in Exhibits D and J to the amended complaint (collectively, the "EZD devices").

58. Upon information and belief, Pall is engaged in a systematic effort to infringe Mykrolis's patent rights, including rights under the '770 Patent, by developing and fabricating the EZD devices and other infringing products that replace products and components of Mykrolis.

## THE '907 PATENT

59. On April 30, 2002, United States Patent No. 6,378,907 B1 ("the '907 Patent") entitled Connector Apparatus and System Including Connector was duly and legally issued. A copy of the '907 Patent is attached hereto as Exhibit "B".

60. Mykrolis owns the entire right, title, and interest in the '907 Patent and such ownership rights are confirmed by assignments duly recorded in the United States Patent and Trademark Office.

61. The '907 Patent discloses and claims novel manifold constructions for effecting fluid communication with a fluid processing module.

62. Upon information and belief, Pall, acting on its own or through affiliates or agents, makes, uses, sells, offers for sale, or is importing manifold constructions, including, but not limited to, its EZD devices, that infringe the '907 Patent.

63. Upon information and belief, Pall is engaged in a systematic effort to infringe Mykrolis's patent rights, including rights under the '907 Patent, by developing and fabricating the EZD devices and other infringing products that replace products and components of Mykrolis.

## COUNT I

### ('770 PATENT)

64. Mykrolis repeats and realleges paragraphs 49 through 63 of this answer and counterclaims, as if they were fully set forth.

65. Upon information and belief, Pall has infringed and is now infringing one or more claims of the '770 Patent by making, using, selling, offering for sale, or importing fluid separation devices that infringe the '770 Patent.

66. Upon information and belief, Pall has infringed and is now infringing one or more claims of the '770 Patent directly, contributorily, or by actively inducing acts of infringement by others.

67. Upon information and belief, Pall's infringement of the '770 Patent has been and continues to be willful and deliberate, and Pall will continue its infringing activities unless enjoined by the Court.

68. By reason of the above acts, Mykrolis has suffered and will continue to suffer irreparable injury, which cannot be adequately compensated or measured in money. Mykrolis has no adequate remedy at law. Mykrolis is entitled to injunctive relief enjoining and restraining Pall and its respective officers, directors, agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from further infringement of the '770 patent.

## COUNT II

### ('907 PATENT)

69. Mykrolis repeats and realleges paragraphs 49 through 68 of this answer and counterclaims, as though fully set forth.

70. Upon information and belief, Pall has infringed and is now infringing one or more claims of the '907 Patent by making, using, selling, offering for sale, or importing manifold constructions that infringe the '907 Patent.

71. Upon information and belief, Pall has infringed and is now infringing one or more claims of the '907 Patent directly, contributorily, or by actively inducing acts of infringement by others.

72. Upon information and belief, Pall's infringement of the '907 Patent has been and continues to be willful and deliberate, and Pall will continue its infringing activities unless enjoined by the Court.

73. By reason of the above acts, Mykrolis has suffered and will continue to suffer irreparable injury, which cannot be adequately compensated or measured in money. Mykrolis has no adequate remedy at law. Mykrolis is entitled to injunctive relief enjoining and restraining Pall and its respective officers, directors, agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from further infringement of the '907 patent.

WHEREFORE, Mykrolis respectfully requests that the Court, in addition to the relief sought in the complaint in Civil Action No. 03-CV-10392 GAO:

A. Dismiss the amended complaint in this action with predudice;

B.   Enter judgment awarding Mykrolis the costs and expenses of defending against this action, including its attorneys' fees, costs and expenses;

C.   For judgment to be entered that Pall has infringed the '770 Patent;

D.   For judgment to be entered that Pall has infringed the '907 Patent;

E.   For injunctive relief, both preliminary and permanent, enjoining and restraining Pall, its officers, directors, agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from further infringement of the '770 Patent;

F.   For injunctive relief, both preliminary and permanent, enjoining and restraining Pall, its officers, directors, agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from further infringement of the '907 Patent;

G.   For injunctive relief, both preliminary and permanent, enjoining and restraining Pall and its officers, directors, agents, servants, employees, and all their entities and individuals acting in concert with them or on their behalf from making, using, selling, offering for sale, or importing its EZD devices.

H.   For an award of compensatory damages resulting from Pall's infringement of the '770 Patent and the '907 Patent;

I.   For an award of pre-judgment interest on any damages awarded;

J.   For judgment to be entered that Pall's infringement of the '770 Patent and the '907 Patent is willful, and increasing Mykrolis's damages up to three times the amount found or assessed;

K.   For a declaration that this is an exceptional case under 35 U.S.C. § 285, and for an award of increased damages, attorneys' fees, and costs; and

L.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mykrolis hereby demands a trial by jury in this action on all claims and issues triable before a jury.

          MYKROLIS CORPORATION

          By its attorneys,

*[signature]*

Susan G. L. Glovsky BBO # 195880
John L. DuPré BBO # 549659
Kevin T. Shaughnessy BBO # 648653
Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road, P.O. Box 9133
Concord, Massachusetts 01742-9133
(978) 341-0036

*[signature]*

John T. Montgomery BBO # 352220
Dalila Argaez Wendlandt BBO # 639280
Ropes & Gray, LLP
One International Place
Boston, MA 02110
(617) 951-7000

February 1, 2005

12

528202_1.DOC

## Certificate of Service

I hereby certify that on February 1, 2005, a true and correct copy of Mykrolis's Answer to Amended Complaint, and Counterclaims was served upon counsel for Pall Corporation as follows:

By Hand:

> Gary R. Greenberg
> Greenberg Traurig LLP
> One International Place, 20th Floor
> Boston, MA 02110

By Facsimile and First-Class Mail:

> Mark E. Phelps
> Leydig, Voit & Mayer, Ltd.
> Two Prudential Plaza, Suite 4900
> Chicago, IL 60601-6780

*/s/ Susan G. L. Glovsky*
Susan G. L. Glovsky